CHAPMAN, Com'r of Insurance and Banking, v. CITY OF DALLAS et al. (No. 126.)

(Court of Civil Appeals of Texas. Waco. Dec. 18, 1924.)

1. **Bills and notes** ⚖️357—Holder of collateral note, not collectible in hands of original payee, can recover only amount of secured debt.

Under Negotiable Instruments Act, §§ 27, 53 (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—27, 6001—53), holder of collateral note is holder for value, but can recover only amount of secured debt, where note could not be collected if in hands. of original payee.

2. **Banks and banking** ⚖️15—Cancellation of note deposited with banking commissioner as part of payee's reserve fund held not error.

In absence of pleading or proof by banking commissioner that contract loan company, depositing vendor's lien note as part of legal reserve, required by Acts 34th Leg. 1st Called Sess. (1915) c. 5 (Vernon's Ann. Civ. St. Supp. 1918, art. 1313½ et seq.), had any contracts that could give rise to claim on reserve fund, when he discovered fraud in obtaining and failure of consideration for, note, or that any one would suffer by its cancellation, court did not err in canceling it and lien thereof, in view of Negotiable Instruments Act, § 53 (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—53).

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Suit by the City of Dallas against J. L. Chapman, Commissioner of Insurance and Banking, and others, in which the Texas Bitulithic Company intervened, and defendants C. C. Maltman and wife brought cross-action against their codefendants. From a judgment for cross-complainants, defendant Commissioner appeals. Affirmed.

W. A. Keeling, Atty. Gen., and Jno. W. Goodwin and Walace Hawkins, Asst. Attys. Gen., for appellant.

J. J. Collins, Dabney, Goggans & Ritchie, and Ferguson, Golden & Croley, all of Dallas, for appellees.

BARCUS, J. The city of Dallas brought suit to foreclose a street paving lien for about $400 against appellant, appellee, and a large number of other parties. The Texas Bitulithic Company intervened, and alleged that it was the owner and holder of the paving lien, and adopted the petition filed by the city of Dallas. At the time the street was paved the property belonged to R. C. Porter, and was by regular transfers conveyed to Pearl Mott, who assumed the payment of the paving lien, and who, before this suit was tried, had intermarried with C. C. Maltman. Mrs. Maltman and husband, for answer to the suit filed by the city of Dallas and the Texas Bitulithic Company, filed general demurrer, general denial, and by way of a cross-action filed suit against the codefendants in the original case, Thomas Taylor, Texas Home Builders, Inc., and the commissioner of insurance and banking, seeking to cancel a note for $2,500 which Mrs. Maltman before her marriage had executed to the Texas Home Builders, Inc. The $2,500 note was a regular vendor's lien note, and recited that it was given as part payment for lot 16 in block 1 of North Oak Lawn addition to Dallas, being the same lot against which the paving lien was asserted. Mrs.

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Maltman alleged that the note had been obtained by fraud, and that the consideration for said note had totally ·failed, in that, at the time it was given, the Texas Home Builders, Inc., acting through its officers, had agreed, in consideration of said note, to erect for her a house on said lot, the note representing the cost of the house; that the house was never. built; and that the officers of the corporation by fraud induced her to execute and deliver the note.

The commissioner of insurance and banking, appellant herein, in answer to the cross-action of Mrs. Maltman alleged that he was an innocent purchaser for value of the $2,500 note, same having been, as part of its legal reserve, transferred to him by the Texas Home Builders, Inc., alleging that the Texas Home Builders, Inc., had incorporated under the Acts of the 1915 Legislature, chapter 5 of the Acts of the First Called Session of the Thirty-Fourth Legislature (Vernon's Ann. Civ. St. Supp. 1918, art. 1313½ et seq.), and that, by reason thereof, it was required to deposit with the commissioner of insurance and banking of the state of Texas an amount equal to the legal reserve required by said act on all outstanding contracts.

The cause was tried to the court and judgment, was rendered for the Texas Bitulithic Company for the amount of. its claim, foreclosing its paving lien as against all parties, to which there is no complaint. The court entered judgment, canceling the $2,500 note, and canceling the lien securing same on the lot in question, and from this portion of the judgment the commissioner of insurance and banking has appealed.

Under the Acts of the First Called Session of the Legislature in 1915, chapter 5, the Legislature provided for the organization of co-operative savings and contract loan companies, and section 5 of said act provides that all such corporations shall invest at least one-third of its capital stock in certain kinds of securities (naming them), and shall deposit same with the commissioner of insurance and banking for the common benefit of all the holders of all contracts issued by it, and provides that all such loan companies shall keep on deposit with the commissioner of insurance and banking at all times an amount equal to the legal reserve required by law on all its outstanding contracts, which amount shall be either in cash or securities, to be approved and held by the commissioner of insurance and banking in trust for the common benefit of all of the holders of contracts issued by such corporation.

The Texas Home Builders, which had been operating as a trust estate, on May 16, 1921, incorporated under the above provisions of the statutes, and at the same time issued to appellant Mrs. Maltman contract No. 1, and sold her the lot in question for $1,125 paid in cash and the note for $2,500, the $1,125 representing the value of the lot and the Texas Home Builders, Inc., in consideration of the $2,500 note being executed and delivered, agreed to build for Mrs. Maltman (née Mott) a house on the lot in controversy, and on the same day the note was executed it was by the Texas Home Builders, Inc. and Thomas Taylor, the active officer thereof, to whom the note was payable, transferred to the commissioner of insurance and banking, to be deposited with and held by him as part of the legal reserve required by the statutes, and at the time of trial said $2,500 note was held by the commissioner of insurance and banking as a part of the reserve fund of the Texas Home Builders, Inc. It was an admitted fact that the house was never built on the lot, and that the consideration for which the $2,500 note in controversy was given had totally failed. The Texas ˙Home Builders, Inc., was admittedly insolvent, both at the time they received the note from appellee, and at the time it transferred same to the commissioner of insurance and banking. The only question involved in this litigation is as to whether, under the facts in this case, the note should be canceled as against the commissioner of insurance and banking.

[1] There is nothing in the record to show that the Texas Home Builders, Inc., had ever issued any contract except the one to appellee Mrs. Maltman, or that the commissioner of insurance and banking had registered any other contracts of said corporation. There is nothing in the record to even suggest that any one will suffer by reason of said note being canceled. Under section 27 of the Negotiable Instruments Act, passed by the Legislature in 1919 (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—27), one who holds a note as security for indebtedness is a holder for value. However, the holder of a collateral note can recover thereon only the amount of the secured debt, where the note could not be collected if in the hands of the original payee thereof. Section 53, Negotiable Instruments Act (art. 6001—53) 3 R. C. L. p. 1061; Patterson v. Onion (Tex. Civ. App.) 202 S. W. 327.

[2] Since the commissioner of insurance and banking did not either plead or prove that the Texas Home Builders, Inc., had any contracts in existence that would or could have a claim on the reserve fund required by law to be kept with the commissioner of insurance and banking, and since no one, from the pleadings or evidence, would suffer by the note being canceled, the trial court did not commit error in canceling said note and lien. The commissioner of insurance and banking in no event could recover more than was necessary to take care of any contracts issued by the Texas Home Builders, Inc., that were in existence at the time he knew of the alleged infirmities in the note, section 53,

Negotiable Instruments Act of 1919, and, it not being shown that there were any contract holders secured by said note, the commissioner of insurance and banking had no right to collect same or prevent its being canceled. The record shows that the Texas Home Builders, Inc., is, and has been since the spring of 1921, insolvent, and that it was at the time of trial a defunct concern, and was not attempting to transact any business.

The judgment of the trial court is affirmed.